ROBESTEIEN v. FRANKLIN SAVINGS BANK.

(Supreme Court, Appellate Term, First Department. March 18, 1915.)

BANKS AND BANKING ☞306—SAVINGS BANK—FORGED ORDER—NEGLIGENCE OF BANK—SUFFICIENCY OF EVIDENCE.

Evidence *held* insufficient to justify a finding for defendant savings bank, in an action against it for payment of plaintiff's funds on a forged order.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1165, 1169, 1183–1188; Dec. Dig. ☞306.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Clara Robesteien against the Franklin Savings Bank. Judgment for defendant, and plaintiff appeals. Reversed, and judgment entered for plaintiff.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Leonard McGee, of New York City (John T. S. Wade, Jr., of New York City, of counsel), for appellant.

Wilson M. Powell, Jr., of New York City, for respondent.

PENDLETON, J. The action was by a depositor against a savings bank. The bank had paid the deposit to a third person, who presented the bank book with an order for payment, alleged by plaintiff to have been forged. The by-laws of defendant, of which plaintiff had notice, provided that the bank would not be responsible to depositors for any fraud practiced upon its officers by presenting the bank book and draw-

ing money without the depositor's consent. The question litigated at the trial was whether defendant's officers were guilty of negligence in paying on the forged order. The court found for defendant.

This was error. The testimony as to the comparison made of the forged signature with the genuine one kept in the bank was vague. An inspection discloses a considerable difference between the signatures. The fact that the man presenting the order said he could not write was, in connection with this difference in appearance, suspicious and should have put the defendant on its guard. The interlineations in the book were not satisfactorily explained. If the book was produced with the order, why was the entry not then made, or, if so, why was the change necessary?

The judgment should be reversed, and judgment entered for plaintiff, with costs in both courts. All concur.